UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                          CRIMINAL ACTION NO.
                                                                    3:05CR68 - J
NORMAN BORHO

**MEMORANDUM OPINION**

This matter is before the Court for sentencing following pleas of guilty to child pornography charges, 18 U.S.C. Sec. 2252.  The Western District of Kentucky in general and this Judge in particular have seen a number of these child pornography cases.  This experience with these cases, combined with the information and analysis provided by the Probation Office and by the parties, and the evidence presented at the sentencing hearing, gives this Court confidence in the reasonableness of the sentence to be imposed in this case.

Child pornography is more than emotionally unsettling:  Any of it is despicable.  Any of it is wrong.  Any of it is deeply disturbing.  And any of it is unlawful.  Nonetheless, our system of justice forbids sentencing on the basis of emotion or gut reaction.  This Court's job is to decide on a reasonable sentence for this defendant who has committed these particular crimes.

In arriving at a suitable sentence, the Court must be guided by the seven factors set out in 18 U.S.C. Sec. 3553(a).  One of these – Factor Number Four -- is the sentencing range established by the Sentencing Commission guidelines, a range calculated on the basis of certain characteristics of the offense and certain characteristics of the offender.  However, 3553(a) Factor Number One is "the nature and circumstances of the offense and the history and

1

characteristics of the defendant." Thus, it is clear that not *all* circumstances of the offense or *all* characteristics of the defendant are necessarily comprehended in the sentencing guidelines.

Congress has recognized that *any* child pornography offense increases the demand for such material and it contributes, even if indirectly, to the exploitation of children and youth. Congress has noted the seriousness of such behavior by requiring a five year minimum sentence. For the Court to agree to consider a probated sentence in this case would depreciate the seriousness of the offenses and would ignore the reasons for creating the mandatory minimum sentence.

The existence of the five year minimum sentence is significant in another way as well: Its existence means that it was the judgment of Congress that five years was a sufficient sentence for some Sec. 2252 offenders. If Congress believed that a fifteen year sentence was necessary for such offenses, it could, and presumably would, set a fifteen year minimum sentence.

While any child pornography offense is serious, It is apparent that not all 18 U.S.C. Sec. 2252 offenses are equally serious. Some of the distinctions between ways of committing these offenses are recognized in the sentencing guidelines, but in this Court's experience, some of the distinctions are *not* comprehended in the guidelines. For example, the guidelines recognize that a person who creates pornographic images is more dangerous than one who receives pornographic images; however, the guidelines do not distinguish between one who views child pornography in private and one who engages in *interactive* behavior such as telephone sex, e-mail sex, and so on. In the experience of the Court and in the opinion of sex offender treatment experts, these "interactive" manifestations of pornography addiction pose a greater risk than "non-interactive" manifestations. Therefore, it is appropriate for the Court to consider such

characteristics even though they are not comprehended in the guidelines. There is no evidence whatsoever that Mr. Borho has ever engaged in any of these "interactive" behaviors, and he committed his offenses in the least "personally engaged" ways possible. The Court believes this is an important fact. Furthermore, while there appears to be an unspoken assumption that "looking today" leads to "touching tomorrow," there is nothing in the statute, and nothing in the evidence presented here that supports that assumption.

Similar considerations affect the Court's conclusions regarding the "characteristics of the defendant." Particularly with respect to offenses that are manifestations of addictions – that is, where, by definition, there is some impairment of self-control -- the specific characteristics of the defendant are of great importance in determining an appropriate sentence. As noted by the psychologist – Mr. Breeding – the defendant's history, behavior, and interview responses indicate that he would be very unlikely to seek out interpersonal expression of any sexual fantasy. The Court finds it very significant that the psychologist's assessment was that Mr. Borho would have been horrified if anyone knew about his arousal in the presence of child pornography. Furthermore, Mr. Borho's pornography addiction is of recent development, and it is not complicated by any other sexual addiction. Finally, Mr. Borho's diabetes and major depression appear to have contributed to the development of his pornography addiction.

The Court also notes that the statute creates an incarceration range of five to twenty years. As noted above, the circumstances of the offenses in this case and the characteristics of the defendant suggest that the offenses in this case are at the lowest end of the range of possible violations of Section 2252. However, the guidelines in this case would yield a sentence nearing the statutory maximum. This would make it difficult or impossible to apply yet another Section

3

3553 factor, which is the need to avoid unwarranted sentence disparities.

The Court has considered the United States' implication that the existence of "sadistic" images on Mr. Borho's computer make defendant's crimes more serious. The difficulty with this argument is that sex between adults and children is inherently sadistic; thus, this factor is simply not particularly useful in distinguishing between offenders. Furthermore, in this age of the internet, "number of images" has become a considerably less useful factor in distinguishing between offenders. However, while the Court cannot agree that these factors justify a seventeen year sentence, the Court agrees that these considerations justify a sentence greater than the statutory minimum. The Court cannot say that Mr. Borho is the least culpable of all defendants convicted of violating these statutes.

For all of these reasons, and considering ALL of the Section 3553 factors and the judgment exercised by the Congress in enacting a five year mandatory minimum sentence, the Court is of the opinion that an appropriate sentence in this case is seventy-two months incarceration followed by five years supervised release. The Court also finds that Mr. Borho has the ability to pay a fine, and the Court will impose a fine of $20,000, the bottom of the guideline range.